IN RE APPLICATION OF TILSON.

[Cite as *In re Application of Tilson,* **128 Ohio St.3d 341, 2011-Ohio-551.**]

*Attorneys at law — Character and fitness of candidate for admission to the bar —*
    *Failure to comply with contract with the Ohio Lawyers Assistance*
    *Program — Application disapproved.*

(No. 2010-1703 — Submitted January 4, 2011 — Decided February 15, 2011.)

ON REPORT by the Board of Commissioners on Character and
Fitness of the Supreme Court, No. 457.

_____

**Per Curiam.**

{¶ 1} Jason Raymond Tilson of Gahanna, Ohio, received his M.B.A. from the Ohio State University Fisher College of Business in June 2008 and his J.D. from the Moritz College of Law in June 2009. He has applied to register as a candidate for admission to the Ohio bar and has filed an application to take the Ohio bar examination administered in February 2010. Based upon the applicant's two convictions for operating a vehicle under the influence of alcohol ("OVI") and his failure to comply with the terms of his contract with the Ohio Lawyers Assistance Program ("OLAP"), the Board of Commissioners on Character and Fitness recommends that we disapprove the applicant's current application but permit him to apply for the July 2011 bar examination. We accept the board's findings of fact and recommendation.

**Summary of Proceedings**

{¶ 2} In January 2010, the admissions committee of the Columbus Bar Association recommended that the applicant's character, fitness, and moral qualifications to practice law be approved. The applicant was not permitted to take the February 2010 bar examination, however, because the board did not

submit final approval of his character and fitness. Instead, the board exercised its investigatory authority sua sponte to review the applicant's (1) 2007 honor code violation in an M.B.A. class, (2) neglect of his financial obligations and 2008 bankruptcy, and (3) alcohol abuse. See Gov.Bar R. I(10)(B)(2)(e).

{¶ 3} A panel of the board conducted a formal hearing. The applicant testified that on the advice of counsel, he had entered into an OLAP contract following his 2008 arrest for OVI, which enabled him to obtain a favorable sentence for that offense. The OLAP contract required him to refrain from using alcohol or drugs, to attend 90 Alcoholics Anonymous meetings within 90 days, and to attend at least three meetings per week for the remainder of the two-year contract. The applicant, however, attended approximately one meeting per week after the first 90 days and failed to keep a log of that attendance. He claimed that he stopped attending meetings regularly because he was "not getting anything out of it." Realizing that noncompliance with his OLAP contract could affect his application for admission to the bar, he agreed to extend the contract for an additional year, to June 2011, but made no effort to comply with its terms. He also admitted that he continued to consume alcohol.

{¶ 4} Citing the applicant's 2006 and 2008 convictions for OVI and his failure to comply with his OLAP contract, the panel recommended that the applicant's character and fitness be disapproved and that he be permitted to apply for the February 2011 bar examination.

{¶ 5} The board agreed that the applicant should be disapproved but recommended that he be permitted to apply for the July 2011 bar examination, provided that he submit to a full character and fitness investigation by the appropriate bar association admissions committee.

## Disposition

{¶ 6} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral

qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." Id.

{¶ 7} In determining that the applicant has not proved that he possesses the requisite character, fitness, and moral qualifications, the board focused upon evidence of the applicant's existing and untreated alcohol dependency. See Gov.Bar R. I(11)(D)(3)(b). The evidence demonstrates that the applicant has had two OVI convictions in the past five years. Although he entered into an OLAP contract to address his difficulties with alcohol, he has not complied with even the most basic term of that contract, which requires him to "[t]otally refrain from the use of all mood altering substances, including alcohol." Although he attended Alcoholics Anonymous meetings for a time, he failed to keep a regular log of that attendance, failed to achieve his attendance goals after the first 90 days, and stopped making required weekly telephone calls to the OLAP office. Moreover, he has failed to submit any evidence that he has sought an evaluation or treatment recommendation from any of the treatment centers recommended by OLAP, let alone that he has followed any treatment recommendation. In light of the applicant's failure to follow through with his commitment to the OLAP program and prove that he has overcome his problems with alcohol, his claims that he has "grown up" and learned from his mistakes ring hollow.

{¶ 8} Based upon the foregoing, we agree that the applicant has failed to prove that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law. Therefore, we disapprove his application to take the bar exam at this time. The applicant may apply to take the

July 2011 bar examination, and in doing so shall submit to a full character and fitness investigation by the appropriate bar association admissions committee.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jason Raymond Tilson, pro se.

William A. Reddington, for the Columbus Bar Association.

_____